UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


Ellen L. Delaine,
        Plaintiff,

                                No: 05-1751 (EGS)

V.


United States Postal Service,
  et al.,
            Defendants.


Plaintiffs Motion To Oppose The Federal Defendants
MOTION TO DISMISS


        Plaintiff, Ellen L. Delaine, respectfully moves
this Court to deny the Federal Defendants Motion
to dismiss this case pursuant to Federal Rules of
Civil Procedure 12(b)(1) and 12(b)(6), for lack of juris-
diction and failure to state a claim. A Memorandum
of Points and Authorities in Support of Motion to
Oppose Federal Defendants Motion to Dismiss is attached.

RECEIVED
FEB 15 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Respectfully submitted,

Ellen L. DeLaine

Ellen L. DeLaine

5608-14th Street N.W.

Washington, D.C. 20011

202-829-1745

United States District Court
For The District Of Columbia


Ellen L Delaine,
        Plaintiff,

                                No. 05-1751 (EGS)

V.


United States Postal Service,
et al.,
                Defendants.


Plaintiff's Memorandum Of Points And Authorities
In Support Of Motion To Oppose Federal Defendant's
Motion To Dismiss.

        Plaintiff, Ellen L Delaine, respectfully submits
this Memorandum Of Points and Authorities in Support
of the Motion to Oppose the Motion to Dismiss pursuant
to Rule 12 (b)(1) and (6) of the Federal Rules of
Civil Procedure:

            I. Background

1. Plaintiff filed this action against the United

States, the District of Columbia, the United States
Postal Services, and various private citizens on
September 1, 2005.

2. Plaintiff alleges that on September 1, 2004,
Ms. Iris Mitchell, a United States Postal Service
("USPS") employee, intentionally made a rude
defamatory, slanderous comment to Plaintiff along
with negative facial, hand, and head gestures accom-
panying her slanderous remark and Plaintiff asked
her to repeat her words to be certain of what was
said and Ms. Iris Mitchell repeated the same
defamatory, slanderous words again with the
accompanying negative facial, hand and head gestures
which was witnessed by other customers and caused
Plaintiff's severe emotional distress which was observed
by Ms. Gloria Thompson, the shift supervisor,
who Plaintiff reported the incident to.

3. Plaintiff further alleged, in complaint that
she had been subjected to other, intimidating
remarks and comments by other postal employees
and persons at different postal facilities in
Washington, D.C., Fayetteville, North Carolina, and
in Wilmington, Delaware. Plaintiff alleged
that USPS has been participating as a member

2

in concerted actions, in a civil conspiracy of invasion of rights with the United States, District Of Columbia, and other individual conspirators defendants named in a Constitutional Torts for a continuing Intentional Tort Doctrine for a Continuing Intentional Infliction of Emotional Distress against Plaintiff, and that the United States continuously had Plaintiff under surveillance by unauthorized use of wire and electronic devices of audio and oral communication, which is how the Postal Employees and other persons knew where and when Plaintiff was in a particular Postal facility in order for them to effectuate the purpose of the conspiracy, which was to intentionally inflict emotional distress. Plaintiff further alleged that the offenses and injuries had been ongoing since the beginning of the conspiracy in 1999, and are still in the process of being committed.

4.  On September 23, 2004, Plaintiff addressed a letter of complaint regarding the September 1, 2004 offense at the National Capital Location Post Office and forwarded it to Ms. Debra Suttles, Manager of Consumer Affairs. (See Plaintiff's Exhibit 1).

3

"Pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671, district courts have jurisdiction over claims arising from torts committed by federal employees in the scope of their employment. Further stated was that FTCA bars claimants from bringing suit until they have exhausted their administrative remedies ... In order to exhaust administrative remedies under the FTCA, Plaintiff must have presented the agency with a claim describing the injury with particularity setting forth a "sum certain" of damages and the agency has either denied the claim in writing or failed to provide a final disposition within six months of the claims filing ... Plaintiff has alleged no facts that demonstrate that she has exhausted her administrative remedies. Accordingly, lacks subject matter jurisdiction over Plaintiffs complaint and it will be dismissed." The final judgment of that Memorandum further ordered that this case is dismissed without prejudice for lack of subject matter jurisdiction (see Plaintiff's Exhibit 3).

7. On September 1, 2005, Plaintiff filed this action against the United States, the United States Postal Service, the District of Columbia, and other individual defendants, alleging same

5

of the same facts raised in the March 4, 2005
Complaint.

Plaintiff's claims against the USPS should
not be dismissed under Federal Rules of Civil
Procedure 12(b)(1) and (6).

## II. Argument

A.   The Federal defendant's argument to dismiss
the complaint pursuant to Federal Rules of
Civil Procedure 12(b)(1) and (6) referred to the
District Court's September 23, 2004 Memorandum
Opinion in Delane v. U.S., Ass't Attorney for
D.C. (see Defendant's Motion to Dismiss Exhibit
1 - Memorandum Opinion at 4) and stated that a
rule 12(b)(6) dismissal is appropriate where the
Plaintiff can prove no set of facts in support
of his claim which would entitle him to relief.
Plaintiff's proof of the set of facts in support
of her claim is the September 29, 2004 letter
from the USPS stating that they were in receipt
of Plaintiff's September 23, 2004 letter of complaint
addressed to Ms Debra Sykes, Manager of Consumer

6

affairs. Their letter stated therein that the policy of the USPS is not to tolerate rude behavior from their employees and they apologized for the rude behavior of Ms. Iris Mitchell on September 1, 2004. Also stated therein that letter was that Ms. Iris Mitchell is very apologetic for her rude behavior and that an official discussion has been documented in her folder along with a copy of Plaintiff's letter and USPS letter of apology, and that was the first step in the discipline process. Further stated therein that letter was that Ms. Gloria Thompson, the shift supervisor, on duty the day of the incident could see that Plaintiff was very upset as a result of the offense, which she stated was understandable (See Plaintiff's Exhibit 2).

The District Court's September 23, 2004 Memorandum Opinion in Delane v. U.S. Ass't Attorney for D.C., et al., stated therein that the matters that were before their court were of the Motions to Dismiss filed by the federal and individual Defendants and Plaintiff's Motion for Reconsideration of the District of Columbia Superior Court's Dismissal of the state defendants, and upon consideration of the Motions, Opposition, and entire record herein (See Defendant's Motion

9

to Dismiss, Exhibit 1, Memorandum Opinion, pg. 1-2 ).
Plaintiff's Motion for Reconsideration of the
District of Columbia Superior Court's Dismissal
of the state defendants and Plaintiff's other
motions filed in that court, could prove the
set of facts, in support of her claim which
would entitle her to relief, yet these motions
were not taken into consideration as was
stated. On page three of the District Court's
September 23, 2004 Memorandum Opinion, it
states, " On February 11, 2004, the District
of Columbia Superior Court Dismissed the
state defendant's from this action." The state
defendants were dismissed from that action
on May 24, 2004, and the State Defendants
attached a copy of the May 24, 2004 Superior
Court Order to their Motion to Oppose Plaintiff's
Motion for Reconsideration, and then stated
therein their opposition motion that they
were dismissed from the action on February
11, 2004. Plaintiff argued, in her Reply
to the State defendant's Opposition to Plaintiff's
Motion for Reconsideration that they were dismissed
from the action on May 24, 2004 and not on
February 11, 2004. Also stated on page
3 of the September 23, 2004 Memorandum

8

Opinion of the District Court was "On July 9, 2004, William S. Fralin filed a Motion to Dismiss." William S. Fralin never filed a Motion to Dismiss in the U.S District Court yet the September 23, 2004 Order of that Memorandum Opinion dismissed William Fralin from the case as well as dismissing the State Defendants. The federal Defendants were supposed to have filed a Reply to Plaintiffs Motion to oppose their Motion to Dismiss, which they never did, and they as well as the individual defendants were dismissal from the case.

The District Courts September 23, 2004 Memorandum Opinion in Delame v. U.S. Ass't. Attorney for D.C., et.al, is a perfect example of the United States participating in a civil conspiracy of invasion of rights in a continuing Intentional Tort Doctrine for a Continuing Intentional Infliction of Emotional Distress against Plaintiff Ellen Delame. Plaintiff can prove the set of facts in support of her claim which would entitle her to relief.

B. Plaintiff's Claims Are Not "Patently Frivolous"

In the federal defendants motion to Dismiss complaint, their arguments continuously

9

dwelled on and repeated the District Courts
September 23, 2004 Memorandum Opinion, in Delaine
V. U.S. Asst. Attorney for D.C., et al, by repeating
them in stating that Plaintiff's Complaint, is
patently frivolous claims premised on bizarre
conspiracy theories, fantastic government
manipulations of the will or mind or any sort
of supernatural, intervention to try to justify
why the complaint should be dismissed.
Then the federal defendants stated in their
Motion to Dismiss Complaint, part B, that Plaintiff's
Complaint appears to be two folded. (1) That the
customer service employees of USPS were
rude to her, and (2) that the U.S.PS along
with the U.S. government is spying on her
and conducting surveillence as part of a civil
conspiracy to invade her privacy. There is
nothing in Plaintiff's Complaint that can be
compared to their descriptions and definitions
of patently frivolous claims that are inherently
incredible. Plaintiff has the USPS September
29, 2004 letter  written, in receipt of
Plaintiff's Complaint letter to them on September
23, 2004, whereby they are apologetic
for the rude behavior of their employee,
Ms. Iva Mitchell, on September 1, 2004.

10

That letter also states that Ms. Iris Mitchell is very apologetic for her behavior and states that USPS does not tolerate rude behavior from its employees. That letter further states that Ms. Gloria Thompson, the shift supervisor, observed that Plaintiff was very upset as a result of the negligent or wrongful act or omission of its employee while acting within the scope of his office or employment, and that an official discussion has been documented in Ms. Iris Mitchell's folder, along with Plaintiff's complaint letter and USPS letter of apology, which is the first set of the discipline process.

If Plaintiff's claims in her complaint were as described by the federal defendants as being utterly fantastic or inherently incredible, or clearly baseless, the USPS would not have sent a letter of apology to Plaintiff stating that Ms. Iris Mitchell is very apologetic for her behavior and that USPS does not tolerate such behavior.

Ms. Iris Mitchell participated as a member in concerted actions in a civil conspiracy of invasion of rights while in the scope of her employment and Plaintiff was injured. Accordingly, this Court should not dismiss Plaintiff's claims

11

as inherently incredible.

C.   Plaintiff Does State An Intentional
Infliction Of Emotional Distress Claim.

Plaintiff establishes that her alleged
injuries were caused by the negligent or wrong-
ful act or omission of Ms. Iris Mitchell, a USPS
customer service employee, while acting
within the scope of his office or employment.
Plaintiff states a proper, intentional infliction of
emotional distress claim. Plaintiff establishes
that Ms. Iris Mitchell displayed extreme and
outrageous conduct that was intentional and reck-
less, whereby other customers and employees,
along with Ms. Gloria Thompson, observed that
her conduct caused severe emotional distress
to Plaintiff.

The conduct of Ms. Iris Mitchell was so
outrageous and atrocious in character and went
beyond all possible bounds of decency, and was
utterly intolerable in a civilized community, whereby
the customers observed her behavior and displayed
expressions of disapproval. The USPS September
29, 2004 letter to Plaintiff stated it is the
policy of the USPS not to tolerate rude

12

where the act or omission occurred. Here
Plaintiff establishes that her alleged injuries were
caused by the intentional negligence or wrongful
act or omission of an employee of the USPS
while acting within the scope of his office or
employment.

## Conclusion

For the reasons set forth herein, Plaintiffs
Motion to Oppose the Federal Defendants Motion to
Dismiss should be granted.

Respectfully submitted,

Ellen L. DeLaine

Ellen L. DeLaine
5608-14th Street N.W.
Washington, D.C. 20011
202-829-1745

14

Certificate of Service

I Hereby certify that a true copy of the foregoing "Plaintiff's Motion To oppose The Federal Dependents Motion To Dismiss" was mailed this 15th of February, 2006 via first class, postage prepaid to:

Karen L. Melnik
Assistant United States Attorney
555 4th Street N.W.
Washington, D.C. 20530

Ellen L. DeLaine

15

September 23, 2004

United States Post Office
National Capital Location
Massachusettes and New Jersey Ave., N.W.
WAShington, D.C. 20066

attn.  Ms. Debra Sykes, Manager
       Consumer Affairs

Re: Complaint of an incident with a customer service
clerk at the National Capital Location at 11:20pm on Sept.1, 2004.

Dear Ms. Debra Sykes,
        I am writing this letter to you out of a phone
call that I made and spoke to a person named Brenda
Austin whom I explained to that I wanted to file
a complaint regarding a customer service clerk at the
National Capital location regarding an incident that happened
at approximately 11:20 pm on September 1, 2004. She
informed me of your name and position as manager
and to forward a letter to your attention in the
Consumer Affairs Office. She also suggested to me
that I might want to contact the nighttime
supervisor for Customer Service Representatives
at the Headquarters Office, which I am also
pursuing. I was also informed by Ms. White, who
is the secretary to Mr. Roland Paine, who is the area
manager for the National Capital location, that I have
been trying to reach him since the week of September

8, 2004, but Ms. White informed me that their telephones answering machine system was in the midst of getting repaired which may be why I haven't been able to get in touch with Mr. Paine. Ms. White informed me that their telephone company is Verizon and that most of their employees were in Florida working, due to the tornado situation there.

My complaint is that on September 1, 2004, at approximately 11:20 pm, I was at the Main Post Office, the National Capital Location, to handle some mailing transactions which required the assistance of the customer service representative. My first transaction was to mail a letter which was a pre paid postage envelope that I had but I needed to have the letter weighed by the clerk so that I could pay the additional amount in order for it to be mailed. I was assisted by Gloria Thompson who was working in the customer service booth when she called me in turn from waiting in the line to be served. I obtained a receipt from her for the difference in the mailing cost that I had to pay and she attached the additional postage to the letter and had it mailed. I also inquired with her regarding a zip code directory that was in the lobby area for the customers usage and informed her that I was looking for Annapolis, Maryland information which did not appear in that directory. I showed her my other mailing trans-

-2-

action which needed the correct zipcode and that I also
needed to check on an address verification. Ms Gloria
Thompson suggested that I check back in the zip code
book and she also mentioned that the customers sometimes
tear out the pages in the directory which might be the
reason I could not find the section on Annapolis, Maryland.
She also said that when I step back to the counter that
either Ms. Iris Mitchell or the male customer service
clerk who was stationed on her other side would be able
to assist me. When I returned to the customer service
counter after again checking in the zip code directory,
Ms. Iris Mitchell said she would assist me. I explained
to Ms. Mitchell that I was looking for a zip code verification
of an exact address for a government building located in
Annapolis, Maryland, which I could not locate in the zipcode
directory. She started to look through her directory at
her desk and said there was not a listing of Government
Offices for Annapolis, Maryland in her book and she suggested
for me to look through the book myself to see if I
could find the exact information that I needed for the
mailing address. As she handed me the book and I proceeded
to check it while at her counter, she said, "Could you step
to the next counter to look through the book because
you're wearing cologne and I smell you." As she spoke,
she was waving her hand back and forth by her nose,
as if fanning it, and she was nodding her head in the

-3-

direction of the booth which was on her left side that
was unoccupied, for me to stand there. I was very startled
of what I had heard her say and I didn't believe that
she actually said what I heard so I asked her
what did she say. She replied, "would you step to the
next counter when you look through the book because you're
wearing cologne and I can smell you". She again started
the gesture of waving her hand as if fanning her nose. I
was so startled that I immediately stepped away from
her counter area and asked another clerk for a
supervisor, and that clerk told me to knock on the door for
assistance. The person who answered the door was Ms.
Gloria Thompson, the customer service clerk who first
assisted me. I explained to Ms. Thompson what happened
after she informed me she was a supervisor, even
though she was sitting in the booth right next to Iris
Mitchell and she most likely heard her, I explained to
Ms. Thompson that Ms. Mitchell's comment was most
unprofessional and rude. Ms. Thompson wanted to explain
to me certain rules of procedures for complaints in
which I listened to and she then said that Ms.
Iris Mitchell has allergies and that she is allergic
to cologne. I then responded that if that is a problem
then she does not need to be working with the public
and insulting them. I then requested from Ms. Thompson
the name of Iris Mitchell, whom I didn't know and

-4-

also her name, which she gave.

There were only about three or four customers in the entire post office and there wasn't more than one or two persons in line that Ms. Mitchell could at least have asked me to step to the next counter while looking through the book so she could take the next person.

I tried to contact Mr. Paine since the week of September 7, 2004, being that it took time for me to obtain the information regarding the proper procedure to go about in handling filing of a complaint. On the following day of the incident, I stopped by the post office to go to the division that handles complaints but I was informed that the administrative offices were at the Brentwood Office location. A man who was working in the Delivery Department assisted me by obtaining the information to the Customer Service number and also gave me the 1-800 customer service number in which I did call but I did not leave a specific message to the customer service representative regarding the details of this incident. I also talked to a Ms. Greenfield on September 8th at 1:30 pm who said she was the daytime Supervisor for Customer service. I explained to her I had a complaint to file but I did not give her specific details because she was a daytime Supervisor and being that the incident happened on

—5—

the evening shift which she did not supervise. She
assisted by stating that if there is a problem, she wanted
to know if she could handle it in her division, but then
she suggested that I contact the Consumer Affairs, whose
division is above hers. She gave me the phone number
to Ms. White, secretary to Mr. Paine, the area manager,
but I called several times but noone ever answered.
I also spoke with Ms. Shears over the phone, who is the
supervisor for deliveries. She provided me with information
regarding procedures for complaints and stated that her
division is a bit different from customer service clerks
but she assisted me by giving the address to you and
suggested that I put my complaint in writing.

I am hoping that I hear from you regarding
this letter. I have dealt with this National Capitol
Branch for much of my postal needs and have never
been spoken to rudely before on any occasion. This
defamatory statement caused me to suffer emotional
distress and I can't believe I was actually
spoken to that way, especially since I have always
been polite and respectful to the staff and always
had a positive feeling about doing business at this
Post Office, who very much helps me with the
business endeavors that I need to fulfill.
I appreciate the hours of this branch's operations
for it is most convenient for me, and I have always

—6—

had a good feeling of taking care of my business
during the hours I need to. Also, your staff has
always been professional and courteous and
very appreciated by me. I am inconvenienced by
having to go to other branch locations for their
hours of operation are not suitable for me. I am
still suffering the injury of that encounter with
Ms. Iris Mitchell. There is no justifiable excuse
for that rude, defamatory statement from a customer
service representative clerk, to me, a customer.
I do hope that you will get in touch with me
by telephone or mail regarding the issues of my
letter. I have a message telephone number,
202-829-1745, also, my mailing address is:
5608-14th Street, N.W., Washington, D.C. 20011.
I do hope that your telephones are back in
working order so that I can return your call as
soon as possible if you do try to call me. I am
very upset that this incident has happened.

                    Thank you,
                    Ellen L. Defaine
                    Ellen L. Defaine.

 **UNITED STATES**
**POSTAL SERVICE**

September 29, 2004

Ms Ellen DeLaine
5608 14th Street NW
Washington DC 20011

Ms DeLaine,

I am in receipt of a letter of complaint that you wrote on September 23, 2004, to Ms Brenda Alston in Consumer Affairs.

It is the policy of the US Postal Service not to tolerate rude behavior from our employees. In your letter, you stated that on September 1, 2004, you received very rude behavior from our Sales and Service Associate, Iris Mitchell. Again, our apologies for this behavior.

On the day this occurred, I attempted to speak with you concerning Ms. Mitchell's comment and you, at that point, were very upset, which was understandable. However, as I stated above, this type of behavior is not tolerated. I spoke with Ms. Mitchell regarding this incident and she is very apologetic. An official discussion has been documented in her folder along with copies of your letter and this letter of apology. This is the first step in the discipline process.

Also, I would like to apologize for the problem you had contacting Ms. Alston in Consumer Affairs. While I am sure that department welcomes all comments from the public, there is a; "LET'S HEAR FROM YOU…" , 800 number that will provide quicker results. For future references, that telephone number is: 1-800-ASK-USPS (275-8777).

It is hoped that future visits to National Capital Station will be most enjoyable and that you will come back to us for all your postal needs. If I

National Capital Station
2 Massachusetts Ave NE
Washington DC 20013
202 523-2368
Fax 202 523-2928

*Plaintiff's Exhibit 2*

can be of further assistance, contact me at 202 523-2368 after 4:00pm most days and after 12 noon weekends.


Sincerely,


**Gloria A Thompson**
**Supervisor, CS/A**
**National Capital Station**

**CC:   Ms Brenda Alston**
        **Consumer Affairs**
        **900 Brentwood Rd NE**
        **Washington DC 20066**

**FILED**

APR - 7 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ELLEN L. DELAINE,       )
                        )
        Plaintiff,      )
                        )
    v.                  )       Civil Action No.    **05  0698**
                        )
UNITED STATES GOVERNMENT, )
et al.,                 )
                        )
        Defendants.     )
_____)

## MEMORANDUM OPINION

This matter comes before the Court upon review of Plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The application will be granted but the complaint will be dismissed without prejudice for failure to exhaust administrative remedies.

Plaintiff alleges that on September 1, 2004, she was to the U.S. Post Office, North Capital location to mail some letters. She sought service from employees to obtain a zip code. She alleges that she was subjected to rude and slanderous remarks by the employees. She claims she filed a complaint about the employees with the shift supervisor.

Pursuant to the Federal Tort Claims Act ("FTC"), 28 U.S.C. § 2671 *et seq.*, district courts have jurisdiction over claims arising from torts committed by federal employees in the scope of their employment. *Sloan v. Dep't of Housing and Urban Dev.*, 236 F.3d 756, 759 (D.C. Cir. 2001). The FTCA bars claimants from bringing suit until they have exhausted their administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993). The exhaustion requirement is jurisdictional. *Id.*

In order to exhaust administrative remedies under the FTCA, plaintiff must have presented

*Plaintiff's Exhibit 3*

4

the agency with a claim describing the injury with particularity setting forth a "sum certain" of damages and the agency has either denied the claim in writing or failed to provide a final disposition within six months of the claim's filing. 28 U.S.C. § 2675(a). Plaintiff has alleged no facts that demonstrate that she has exhausted her administrative remedies. Accordingly, lacks subject matter jurisdiction over plaintiff's complaint and it will be dismissed. An appropriate order accompanies this Memorandum Opinion.

DATE: _10 March 2006_

_____
United States District Judge

FILED

APR − 7 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |  |
|---|---|---|---|
| ELLEN L. DELAINE, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Civil Action No. | 05 0698 |
| | ) | | |
| UNITED STATES GOVERNMENT, | ) | | |
| et al., | ) | | |
| | ) | | |
| Defendants. | ) | | |

## FINAL JUDGMENT

For the reasons stated in the accompanying Memorandum Opinion, it is by the Court this _10_ day of March, 2005,

**ORDERED** that the application to proceed *in forma pauperis* is **GRANTED**; and it is

**FURTHER ORDERED** that this case is **DISMISSED** **without prejudice** for lack of subject matter jurisdiction.

_____
United States District Judge