IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| LEE F. GARVIN, ) | |
| ) | |
| Plaintiff, ) | No. 1:05-cv-01775 (RBW) |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT**

DEFENDANT, the United States of America, moves under Fed. R. Civ. P. 12(b), to dismiss plaintiff's amended complaint.

As grounds for this motion, the United States submits that the Court lacks subject matter jurisdiction over the amended complaint.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: May 8, 2006.          Respectfully submitted,

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| LEE F. GARVIN, | ) |
| | ) |
|     Plaintiff, | ) No. 1:05-cv-01775 (RBW) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS AMENDED COMPLAINT**

This is a civil action in which plaintiff alleges that, beginning with tax year 1994, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code. Plaintiff seeks damages for alleged "wrongful collection" of federal taxes.

QUESTION PRESENTED

Plaintiff's amended complaint seeks damages for alleged "wrongful collection" of federal taxes from plaintiff. The amended complaint fails to allege that plaintiff has filed claim(s) for damages from "wrongful collection" of taxes. Does the Court have jurisdiction to entertain a suit for damages under these circumstances?

STATEMENT

1. <u>Introduction & background</u>. Plaintiff, Lee Garvin, filed a complaint on September 6, 2005. Plaintiff originally sought a "refund of all unassessed taxes," an injunction against further collection, and damages for alleged "wrongful collection." (Compl. ¶¶ 32-34.) On January 17, 2006, the United States filed a motion to dismiss

asserting, in part, that the Court lacked subject matter jurisdiction as plaintiff failed to allege that he filed an administrative claim for refund and fully paid the tax owed. (Mot. to Dismiss.)  The United States also asserted that plaintiff failed to state a claim for damages as he failed to allege that he filed an administrative claim for damages.  (*Id.*) Plaintiff subsequently filed an amended complaint and a motion for leave to amend his complaint.  (PACER ## 7, 13.)

    2. <u>Relief sought in the amended complaint</u>.  Plaintiff abandoned his requests for a refund and an injunction.  Plaintiff still alleges that in connection with the collection of federal tax beginning "with 'tax year' 1994", agents and employees of the Internal Revenue Service "recklessly, intentionally, or by reason of negligence disregarded" a laundry list of statutes from the Internal Revenue Code.  (Am. Compl. ¶¶ 1, 7.)  Plaintiff seeks damages on account of "reprehensible, egregious, and vexatious behavior of the defendant."  (Am. Compl. ¶ 32.)<u>1</u>/

## ARGUMENT

### THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE COMPLAINT, DUE TO PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT

Plaintiff attempts to state a claim for damages under 26 U.S.C. § 7433, and seeks damages (Compl. ¶¶ 7, 32.)  This Court does not have jurisdiction over plaintiff's section 7433 claim because he has failed to demonstrate that he filed an administrative

---

    <u>1</u>/  Plaintiff also may be seeking declaratory relief.  (*See* Am. Compl. ¶ 31.)  If so, declaratory relief is barred by the Declaratory Judgment Act.  *See* 28 U.S.C. § 2201.

claim for damages with the Internal Revenue Service.  The party bringing suit must show that the United States has unequivocally waived its sovereign immunity.  *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987).  Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions.  The Court lacks jurisdiction over plaintiff's claim because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, taxpayers must exhaust their administrative remedies.  26 U.S.C. § 7433(a).  "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*"  26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433.  *See* 26 C.F.R. § 301.7433-1(e).  The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added).  The taxpayer must send a written

administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this regulation deprives a court of jurisdiction. *See McGuirl v. United States*, 360 F.Supp.2d at 128; *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992).

      Here, plaintiff has not alleged that he filed a written claim with the area director which complies with the requirements of the regulations. Instead, plaintiff asserts that he "may forego exhausting administrative remedies that are either futile or inadequate[.]" (Compl. ¶¶ 6, 30.)2/ Therefore, plaintiff has not met his burden to allege adequately that the United States has unequivocally waived its sovereign immunity. Because plaintiff has not met his burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over his section 7433 claim, and the Court should dismiss the amended complaint.

---

      2/ Plaintiff also states, in conclusory fashion, that "[a]dministrative claims which plaintiff(s) filed with the Internal Revenue Service and the Secretary of the Treasury worked to satisfy the requirement that a 'taxpayer' must exhaust administrative remedies." (Compl. ¶ 26.) He then concludes by stating that "[e]ven assuming some minor defect in [his] administrative claim, requiring [him] to again pursue administrative remedies would amount to nothing more than futile exhaustion." (*Id.*)

CONCLUSION

Because the Court lacks jurisdiction over his amended complaint, the amended complaint should be dismissed.

DATE: May 8, 2006.

Respectfully submitted,

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

      IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT, supporting MEMORANDUM, and proposed ORDER were caused to be served upon plaintiff *pro se* on the 8th day of May, 2006, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

      LEE F. GARVIN
*Plaintiff pro se*
15013 NE 36th Street
Choctaw, OK 73020.

      /s/ Jennifer L. Vozne
JENNIFER L. VOZNE

1685738.1