UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
LEE F. GARVIN,                      )
                                    )
            Plaintiff,              )
                                    )
      v.                            )    Civil Action No. 05-1775 (RBW)
                                    )
UNITED STATES,                      )
                                    )
            Defendant.              )
                                    )
_____ )

**ORDER**

On September 6, 2005, the pro se plaintiff filed a complaint against the United States under 26 U.S.C. § 7433 (2000), alleging multiple violations of the Internal Revenue Code. On January 17, 2006, the government moved to dismiss the plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6). In response, the plaintiff moved on February 13, 2006, for leave to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a) in order to correct, inter alia, "a poorly worded damages request."[1] Request for Leave to Amend Complaint ("Pl.'s Mot.") at 1. The government opposed this motion on February 24,

---

[1] On February 13, 2006, the plaintiff also moved to sanction the government's attorney pursuant to Federal Rule of Civil Procedure 11(b), alleging that the government's motion to dismiss was "brought for improper purposes of delay, is unwarranted by existing law, and is frivolous [and] lacking any good faith argument for an extension, modification or reversal of existing law." Motion for Sanctions Under Fed. R. Civ. P. 11(b) and for Referral to the Bar Disciplinary Committee at 1. In its opposition, the government correctly notes that the plaintiff has failed to allege that he complied with the procedures required by Federal Rule of Civil Procedure 11(c)(1)(a) before filing a motion for sanctions. United States' Opposition to Motion for Sanctions Under Fed. R. Civ. P. 11(b) and for Referral to the Bar Disciplinary Committee at 1. Moreover, the Court fully agrees with the government that it is plain that the "plaintiff's motion lacks even an iota of merit." Id. at 2. Accordingly, the Court denies the plaintiff's motion for sanctions and a referral to Bar Counsel.

2006, arguing that the amended complaint did not cure the jurisdictional defects of the original complaint.  See United States' Opposition to Plaintiff's Request for Leave to Amend Complaint ("Govt.'s Opp.") at 1 (contending that "the Court lacks subject matter jurisdiction over the proposed amended complaint as well as the complaint").  Finally, on May 8, 2006, the government moved to dismiss the plaintiff's amended complaint, reiterating its jurisdictional arguments.[2]  United States' Motion to Dismiss Amended Complaint ("Govt.'s Mot.").

Rule 15(a) mandates that leave to amend a complaint "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a) (emphasis added).  Moreover, the District of Columbia Circuit has stated that courts "should grant leave to amend a complaint in the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party[, or] futility of amendment."  Atchison v. District of Columbia, 73 F.3d 418, 425 (D.C. Cir. 1996) (quoting Forman v. Davis, 371 U.S. 178, 182 (1962)) (internal quotation marks and brackets omitted).  The Court is not persuaded that any of these reasons preclude it from granting the plaintiff leave to amend his complaint in this case.

First, the government does not suggest that the plaintiff's request for leave to file an amended complaint would cause undue delay or prejudice; indeed, the government's prompt filing of a motion to dismiss the amended complaint indicates its readiness and ability to litigate the plaintiff's claims as amended.  Nor does the government allege that the plaintiff's desire to

---

[2] The government's motion to dismiss the plaintiff's amended complaint makes no mention of its opposition to the plaintiff's motion for leave to file the amended complaint.  Rather, the government states simply that, following the government's motion to dismiss the original complaint, the plaintiff "filed an amended complaint and a motion for leave to amend his complaint."  Govt.'s Mot. at 2.

amend his complaint is due to bad faith or dilatory motive. Furthermore, this is the plaintiff's first request for leave to amend his complaint; thus, he has not previously failed to correct any alleged deficiencies through amendment. Finally, although the government does assert that it would be futile for the plaintiff to amend his complaint—contending that "the Court lacks subject matter jurisdiction over the proposed amended complaint as well as the complaint," Govt.'s Opp. at 1—it acknowledges that the amended complaint is materially different from the original complaint, see Govt.'s Mot. at 2 (observing that the "[p]laintiff abandoned his requests for a refund and an injunction" in his amended complaint), and, as noted, has already moved to dismiss the amended complaint on its own merits. The Court therefore concludes, given "Rule 15(a)'s liberal pleading standard for granting leave to amend," Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996), that justice requires that the plaintiff's motion for leave to amend be granted and that he be directed to respond to the government's motion to dismiss his amended complaint.[3] Accordingly, it is hereby

**ORDERED** that the plaintiff's motion for leave to amend his complaint is GRANTED. It is further

**ORDERED** that the government's motion to dismiss the plaintiff's original complaint is DENIED WITHOUT PREJUDICE. It is further

**ORDERED** that the plaintiff's motion for sanctions and bar referral is DENIED as wholly meritless. It is further

---

[3] "Because the original complaint now is superseded by the amended complaint," the Court denies without prejudice the government's motion to dismiss the plaintiff's original complaint. Bancoult v. McNamara, 214 F.R.D. 5, 13 (D.D.C. 2003); see also Young v. City of Mount Rainier, 238 F.3d 567, 572 (4th Cir. 2001) (holding that "[a]s a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect") (internal quotation marks and citation omitted).

**ORDERED** that the plaintiff is directed to respond to the government's motion to dismiss the amended complaint by July 28, 2006. If the plaintiff neither responds nor moves for an extension of time by the due date, the Court will treat the motion as conceded and enter judgment in favor of the defendants. See <u>Fox v. Strickland</u>, 837 F.2d 507, 508 (D.C. Cir. 1988).

**SO ORDERED** this 5th day of July, 2006.

REGGIE B. WALTON
United States District Judge
