IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| LEE F. GARVIN, | ) |
| | ) |
| Plaintiff, | ) No. 1:05-cv-01775 (RBW) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' OPPOSITION TO MOTION TO VACATE DISMISSAL**

This is a civil action in which plaintiff alleges that, beginning with tax year 1994, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code. Plaintiff seeks damages for alleged "wrongful collection" of federal taxes.

STATEMENT

1. <u>Introduction & background</u>. Plaintiff, Lee Garvin, filed a complaint on September 6, 2005. On January 17, 2006, the United States filed a motion to dismiss. Plaintiff subsequently filed an amended complaint and a motion for leave to amend his complaint. (PACER ## 7, 13.) The United States moved to dismiss the amended complaint on May 8, 2006. By order dated July 5, 2006, the Court advised plaintiff that he had up to and including July 28, 2006 to file an opposition to the motion to dismiss. The Court also indicated that it would treat the motion as conceded and dismiss the action if plaintiff failed to respond. After plaintiff failed to respond, by order dated August 7, 2006, the action was dismissed.

2. <u>Motion to Vacate</u>. On November 20, 2006, plaintiff served the United States with a motion to vacate the order of dismissal under Fed. R. Civ. P. 60(b).<u>1</u>/ Plaintiff does not identify the specific reason for relief from the order dismissing the case. Rather plaintiff appears to assert that exhaustion of administrative remedies is not a jurisdictional prerequisite, thus the case may not be dismissed for lack of subject matter jurisdiction. (Mot. to Vacate at 1-4.) Plaintiff then asserts that ruling on a motion to dismiss for failure to state a claim is premature if made prior to discovery. (Mot. to Vacate at 4-5.) Lastly, plaintiff states that an allegation of failure to state a claim is an affirmative defense and the defendant must prove the defense. (Mot. to Vacate at 5-6.)

"[A] Rule 60(b) motion will not be granted unless the movant 'can demonstrate a meritorious claim or defense' to the motion upon which the district court dismissed the complaint. It has long been established that as a precondition to relief under Rule 60(b), the movant must provide the district court with reason to believe that vacating the judgment will not be an empty exercise or a futile gesture." *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C Cir. 1995) (citing <u>Lepkowski v. United States Dep't of Treasury</u>, 804 F.2d 1310, 1314 (D.C.Cir.1986)). Plaintiff has not done so.

First, plaintiff ignores the fact that the Court dismissed the case as conceded because plaintiff failed to file an opposition despite an almost three-month opportunity to do so and an explicit warning by the Court. Second, plaintiff does not assert that he

---

<u>1</u>/ The motion does not appear on PACER has having been filed, therefore a copy of the motion is attached.

did in fact exhaust his administrative remedies.  Thus, the complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction as asserted by the United States in its motion to dismiss.2/  Third, plaintiff is clearly incorrect in asserting that "'failure to state a claim' is an 'affirmative defense'."  *See* Fed. R. Civ. P. 8.

## CONCLUSION

For the reasons stated above, the reasons asserted in the United States' motion to dismiss, and the reasons stated in the Court's order dismissing the case, plaintiff's motion to vacate the order of dismissal should be denied.

DATE: December 12, 2006.

Respectfully submitted,

 /s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

---

2/  Alternatively, assuming *arguendo* that a failure to exhaust is not a jurisdictional issue, then the case is subject to dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  *See, e.g., Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006) (Bates); *Lindsey v. United States*, 448 F.Supp.2d 37 (D.D.C. 2006) (Walton); *Ross v. United States*, – F.Supp.2d –, 2006 WL 3250831 (D.D.C. 2006) (Bates).

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the foregoing UNITED STATES' OPPOSITION TO MOTION TO VACATE DISMISSAL and proposed ORDER were caused to be served upon plaintiffs *pro se* on the 12th day of December, 2006, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>LEE F. GARVIN
>*Plaintiff pro se*
>15013 NE 36th Street
>Choctaw, OK 73020.

>/s/ Jennifer L. Vozne
>JENNIFER L. VOZNE

2067218.1